Case number 3-18-0556, Kevin Shrake and Jill Shrake, appellants by Thomas Benson v. Rock Island County Treasurer & Ex-Officio Collector at the lead by John Cavallo. Mr. Benson. Good morning. Good afternoon. Fire when ready. Alright, thank you for this opportunity to shed some light on this case. I would like to start by saying this is a tax objection, but not the normal tax objection because it doesn't go to the property tax appeal board. It goes straight from the county to a tax objection. We're here to review, I believe, the decision of the county assessor to deny a general homestead exemption to my client, Mr. Shrakes. They previously received this exemption, and then at some point in time, he just decided he didn't want to give it to him anymore. He didn't like the law anymore. So, I would like to, if you would, if you have the reply brief, I think that's where I did the best job of trying to explain how simple this case really is. I had an old illustration that says that if you have homestead property, you're entitled to the exemption. That's what it says in the statute. And what is homestead property? The statute lays that out, and it lays it out that it's residential property occupied by its owner or owners as principal dwelling place. Or, go to the other side, there's a leasehold interest on which a single-family residence is situated. This is a leasehold interest. It's the or side. Then, it's the next sentence, which is occupied as a residence by a person. Now, we have an or again, who has an ownership interest therein, legal or equitable, or as a lessee. A leasehold isn't a legal ownership. A leasehold is not a legal ownership. My clients have an option contract, which I believe gives them equitable title to this property. So, they actually qualify under both sides of this definition of the statute. They have the enjoyment and use of this property, any appreciation and value. They have an exercisable option. They would gain that appreciation, and they have a price that they've already agreed to pay for it. The sticking point, I believe, that the other side disagrees with is that on which the person is liable for the payment of property taxes. That's the word of the taxes. That's the word of the statute. So, in the contract, it says they're liable for the payment of property taxes. And I believe a contract creates liability. And if it didn't, I would have to revisit a lot of cases I've discussed over the years of what a contract really means. So, it's really, I think, that simple. We're looking at the decision of the assessor to say, no, you don't get a homestead exemption. And we can look at the facts that are in evidence and say this is, it meets all the requirements of the statute. Now, the statute does allow him to have an application. An application was filed in this case. All the check boxes were checked. It was sworn and notarized by the owner of record and the lessee taxpayer. And the statute, not in that document in the application, but if the statute would allow the assessor, he can ask for certain things. He may ask for a clause in the lease and a suggested language in the statute. He did not ask for that, but our lease has that language in it that the lessee is responsible for the taxes. If they go up or down, the cost of rent will go up or down. So, at the time they exercise their option contract, they will pay exactly whatever the taxes were due during the ownership of that property, just as if you were buying a house with normal financing. So, basically, my clients are just using alternative financing because they can't qualify for bank financing. Maybe they were in a foreclosure before. So, no different than a bank, they pay the taxes to their leasing agent or the optioner, who then keeps it in escrow and pays those taxes to the treasurer when they're due. Obviously, the problem with Illinois, or maybe it's not a problem, but the unique situation in Illinois is that taxes that are accrued in 2015 aren't paid until June of 2016. So, if you have a one-year lease, you don't even get the tax bill during the year that the lease says you're collecting money for the taxes. So, it's always going to be an estimate. The good news, I suppose, for the escrow agent is, or the bad news is, the taxes usually go up. They rarely go down. So, you're probably always collecting not enough to pay the taxes. So, I really think it's that simple. And, you know, I don't want to make it any more complicated. And then I'd like to answer your question. ...to track the proposed language in the statute. There was an amendment to try to incorporate the language more directly as to what was in the statute. It was already basically there, but they added some clauses in there regarding, we have to be escrowing this or doing this, and this is not in evidence, but I believe that the reasoning that the amendment was enacted was because the assessor asked for some different language in the leases. And we're trying to comply with what he wanted, and then he turns around and denies the exemption. All right. Thank you. Mr. Gavala. May it please the Court. I do agree with counsel. This is a simple case. And I do agree with his diagram in the reply brief. I think that lays it out quite nicely. The issue comes to come down to section 15.175 after the property tax code. Talk about liability. Are the lessees liable for the property taxes? Counsel alludes to contractual liability between First Financial, the title owner of the property, and the lessees, the shrinks. That doesn't create any kind of liability between the shrinks and the Rock Island County. I mean, that's private individuals. Well, I get what you're saying, but how do you do that normally? Well, I think that To create for a lessee, a leaseholder, how could you create liability between the leaseholder and the county? Sure. I think the statute tells us, 175E says, and I think our position is, of course, as you can see from our briefing, that the supervisor assessment has a great deal of discretion. 175E begins with saying that the supervisor assessment may, when considering whether to grant the exception, may consider these enumerated items. This is not a menu. This is not a shopping list. It's not things to be checked off the list. These are things he may consider. I think, for the most part, they satisfied a number of the things that would qualify as an issue of liability. The one thing they didn't satisfy, which was on the application, which I do believe is within the supervisor's assessment's discretion, was that they wanted the bill paid directly from the lessees, not through First Financial. And I think my impression is that would show you get the bill, you pay the bill. That would show liability for the taxes. And I think to answer your question, I think that would show. I mean, so if you say you go down to the county assessor and say, look, I don't own this property, I just lease it, but I want you to send a tax bill to me, and you think the assessor would do that? I think they'll send it to you, yes. And then the assessor would agree that the owner is no longer responsible for those taxes? I don't think that's at all the case, Your Honor. I think the bill might—I don't know why the bill was coming to them. I think that's—or why that decision was made. I do understand First Financial is an Iowa company. Perhaps it's being sent locally because it's a thing local. I don't know that, whether they have a local office or not. I don't think that absolves them of the liability. I think, again, it's within the discretion of the supervisor's assessment to decide within the context of the statute. So, yeah, but the whole statute is in the total discretion of the assessor. I think that— Or both. I believe that once— Who gets it and who doesn't. 15175F lays out, as Mr. Benson just laid out, what you need to have. And if you have a lease interest, you have to have a lease and be liable for the property taxes. And in turn, you look at 175E, which gives you the idea that there is discretion. This doesn't say they shall consider. It doesn't say they may only consider or they shall only consider. These are things that may be considered. I think these are case-by-case issues in a lot of instances. We're just discussing a number of permutations. I think that they need to have the discretion to decide these things on a case-by-case basis. Okay. Well, granted that's true, but then what is it about the appellant's application for this homestead objection— or for the homestead exemption that any reasonable person could find offensive? Well, in this case, one of the things— I think, again, I believe I have to look more closely. One of the only things they did not meet on that application was that the property tax bill be paid directly by the lessees. In this case, the property tax bill was paid by First Financial. We have stipulations in an affidavit and they're saying they paid it, which was not the criteria under the discretion of the supervisor's assessment that that was going to be sufficient to determine liability in this case. Could that county assessor tell me that as the owner occupied, that it won't give me the homestead exemption if I pay my taxes to an escrow agent?  I think we talk about ownership. Section 9.175 says the owner of the property on January 1, the title owner of the property, is liable for the property taxes. This isn't a situation where we would be saying, yeah, you're trying to shift liability in this case. Well, that's my point. The statute says that the record owner is liable for property taxes, and then they say, well, you've got to have it so the lessee is liable. Well, the county's not going to look at the owner off the hook. No, absolutely not. So now you're saying I just can't figure out how you do it to make everybody happy. Now, if anybody that was a leaseholder could get this exemption in Rock Island County, how does your proposed construction of that statute? If you look at the application, that's in the record in the stipulations. In the application, the only item that is missing on the application is directly paying the property taxes from the lessee, the plaintiff in this case. Where does that directly pay? Is there a correction in the statute? No, I believe, again, I think that's in the discretionary portion. That's my point. That does not what the statute says. The statute doesn't. We believe the statute doesn't limit you. Again, those aren't even enumerated points. They're just things that the supervisor of assessments may consider in making the determination. I believe you've got a statute about who would get something, but whether or not it's up or down is totally in the discretion of an assessor. I think it is in this case, and I believe that's what the GA intended by the way they structured that language. So the statute, the statutory intent, is to have an assessor, some counties give it, some counties not. Based on their own limits, I guess, because there's no law. There's not a basis that you're giving us. There is a basis. The basis is liability. What isn't defined by the statute, and we've said this, liability is not defined by the statute. The General Assembly did not define liability. Well, the statute says the record owner on January 1st is liable for the tax bill. Yes, it does. But then Section 15175F says the lessee is entitled to a homestead exemption if they're liable for the property. And that shows an intent by the legislature to give folks in these situations that are leasing property an avenue to take advantage of this homestead exemption. As long as they are liable for the property taxes. And liability is determined, to get back to your question, is up to the discretion of the supervisor. I can see in the statute where to be liable for the payment of the taxes, but nowhere does it say liable for the payment of taxes to the county of Rock Island. You have added a requirement that is not within this discretion. We're talking about the property tax code. We're not talking about a section of the statutes that deal with private contract actions between private parties. I understand what you're saying. But you're adding a term into Section E under the things that the officer of assessment can consider when he's determining whether or not people have met the criteria for this exemption. It says that the lease has to be clear that the lessee is going to be liable for the payment of the property taxes. And that it's going to be in substantially the following form. But it doesn't say that the only protection is for the county to be able to come after the leaseholder for those taxes. That doesn't necessarily follow from that, does it? For explanation purposes in that section. But again, if you look at 15175F, they're talking about liability in the context of who owes the property taxes. And my presumption is we're talking about who owes the property taxes to the county, not to a third party private individual. Well, wouldn't under standard contract law, if you look at that contract, wouldn't it be unreasonable to say that the county was a third party beneficiary of that contract? So long as the property taxes are being paid. Well, if they're being paid, it's no issue. Who cares? This is all about the county collecting the money, right? They don't care. As long as it's being paid, of course, it's not an issue. Everybody's happy. Except in this case, the leaseholders weren't good enough. And I don't know why this is structured like this. I can speculate why, for one reason, why they're not just paying them directly. My assumption is because ultimately, look at Section 9175, the title holder is ultimately responsible for the property taxes. And I assume they're structuring it this way to make sure that the lessees of the place, in this case, are paying the taxes so that there's not a delinquency or something on the back of it. I'm the landowner, and that's my house, and I want to make sure I get the money. I want to pay them directly because if I've got the house leased, I want to make sure those taxes are paid in a timely fashion. Because at the end of the day, even though somehow they figure the leaseholder is responsible, if tax bills aren't getting paid, it's my house that they're going to take. Because, with respect, you are responsible for the property taxes. You are liable for the property taxes. At the heart of this, the liability is with the title property owner. The scheme is actually a team. Was there a delinquency in this case? I'm sorry? Was there a delinquency in this case? There wasn't. That isn't to say that there couldn't be. It was my speculation as to why they're doing it this way. Again, my speculation is, and I don't know this, but the letter of rejection that follows for why they did not get the exemption afforded them was specifically limited to that they did not pay the property taxes directly, that it was paid through the first financial. So your assessor set up a system that in every leaseholder, where there is a requirement for the people leasing the property to pay their landlord, they'll never get this exemption, right? It would seem to follow if he's being consistent, yes. So you excluded this whole category of people? I can't speak to other cases, but if he's being consistently following what he's put in his application, yes. I would think so. With that said, now, if they're paying them directly, given what he's put in the application, given the discretion we believe he has under the statute we're seeing. How many leases have you seen where they pay directly? I can't speak to that. Let's put it another way. Does this make any sense to you as to why? Does this make any sense at all to you? In other words, if the tenants are getting paid, these people, and their rent is dependent upon the taxes that specifically says the leaseholder is. I mean, in reality, we all know that every leaseholder pays the taxes. Where's Waldo? It's in the rent. But they want to make it specifically in this contract specifies that whatever the amount is, they're guessing it's going to go up or down. So it specifically identifies part of the rent payment as taxes. But this treatment, and this, you know, to say, well, gee, their landowner was sending them tax money instead of the leaseholder. It's probably the same. That raises this great legal question, so what? And does it make any sense to you to treat it differently? I mean, if the leaseholder sent the check in instead of the landowner, couldn't the county still say, well, but they're still not liable to us? By what legal mechanism do they create liability between the leaseholder and the county for that tax payment? Well, I think that's when the determination of liability in the eyes of the county supervisor assessment comes into play. What basis does he have other than what he determines to be the best indication of liability? And in this case, it is the enumerated things that are in the application. You satisfy these enumerated things. My question is how does one satisfy that? How does a leaseholder become liable to the county for the taxes? Legally liable to the county for the taxes? So the county can sue him, the leaseholder. By what mechanism could a leaseholder go in there and become liable? You agree he's liable to the landlord. But how does the leaseholder, if he's not the title owner, how does the leaseholder become legally liable to the county? Well, if we take that down the rabbit hole, Judge, that's going to eviscerate that whole portion of the statute perhaps. Because if you take that down to its extreme, perhaps there is no liability, and that portion of the statute can't afford a homestay exemption unless it's very possible. Well, the state thinks it can. So are you saying that's unconstitutional? No, I'm not saying that. It's unenforceable. But I'm not saying it's unenforceable. So what I'm hearing is you don't know any more than I know how in the world this leaseholder could go in and become legally liable to the county for a piece of real estate that leaseholder does not own. What I do know, Judge, is liability is, in our idea of looking at the statute, is discretionary. GA gave discretion to the supervisor assessment to determine liability. And the best way they have the supervisors decide to do that is to borrow some of the enumerated portions of 175E and to, in their estimation, decide, in their discretion, decide that they need to pay the tax bill directly. And in his mind, that will evince liability such that, for purposes of the homestay exemption, they will be afforded the homestay exemption. For purposes of absolute liability, actual liability. Well, they say, okay, actual, absolute liability. How do they do that? When you talk about intersection 41-220, which is a council alluded to it, and I think it's replied to, or more of an idea of ownership, in a collection, actually, that payment of the property taxes, being on the tax rolls is prima facie evidence of ownership such that you would be liable for the taxes. Well, prima facie is a rebuttable presumption. I'm thinking that First Financial does not pay the property taxes and comes to the Shrakes to collect them. The first thing the Shrakes are going to say is we don't own that property. First Financial does. Now, that does nothing to show they're liable, and I agree with that. Of course, if they're not paying, and nobody's paying, nobody's asking for a homestead exemption, are they? No, not at that point, but I'm saying that's right. In other words, these people have paid it, and now they're claiming the homestead exemption, and you've got a statute here that says that there are certain situations where leaseholders can get a homestead exemption. Yes, they need to satisfy liability. Although you haven't given us an example of when that would happen. My example is, I think, given the supervisor's assessment discretion, I think in this situation, satisfying everything on that application, including paying the bill directly, would satisfy supervisor assessment. Directly, where does that appear in the statute? Again, the statute says, may, when considering when to grant an exception. That, to me, speaks of discretion. Two minutes. These are actual documents, and things that he can require to be sent in with their application, but I don't think, if they're met, I don't believe he has discretion to say, you don't need this lease. Certainly not. And when you keep talking about, he has the discretion to determine liability, I don't see that in any of this. That he can determine, if this language is in their lease, that there is a clause here that gives the tax assessor and the collector any authority to use discretion. I would argue that section, though, those items aren't even required to be in the application, because of the discretion in that section. He can say no. I don't care what your lease says. Correct. And I'm going to go ahead and grant it, but if he says that he requires these, when that term is in their lease, I don't think he can reject it, just because he said that somebody else paid. What if, you know, like, grant plans, or somebody came and said, we're just going to pay real estate taxes. In other words, I think what Judge O'Brien is getting at here, the same thing I'm thinking, is, okay, he's got discretion, but discretion has to be exercised reasonably. Their discretion doesn't mean I do whatever I want, and there is a notion in the law of use of discretion, and in line with the contract between the leaseholder and the feeholder, what's reasonable about saying, oh, you can't have an Olmstead exemption because you're not personally sending the check, as opposed to the owner, the feeholder, sending in the check. What's reasonable about that? Yeah, I would say, again, these are case-by-case. Looking at this under a microscope like we are now, we have a big, broad field of facts that we're looking at. On an ongoing... Explain what is reasonable about that distinction. I think it's reasonable to pick and consistently apply. No one's saying there's no consistent application of this, and this application is specific to the Shrinks. Some way of determining liability, and in this case, the liability is determined by, get the bill, you pay the bill, that's liability. If my son just bought a house, if I decide, you know, you're getting on your feet, give me your tax bill, I'm going to pay it, does that make me liable legally for the taxes? Legally liable? No, absolutely not. Does that just qualify him for the Homestead exemption? Depends what the application says and what the supervisor assessment is discretion would determine liability to be for purposes of Section 1575E. So the assessor can trump a statute? I think that, again, I don't believe the statute limits the assessor's discretion at all. I think the statute grants the discretion. So the statute wants to enable a leaseholder under certain circumstances to be able to be entitled to the Homestead. The assessor can negate that. I think if the statute was more specific and defined liability and made an enumerated checklist, let's say, of these items instead of making it, phrasing the discretionary, and made a shall, made it more mandatory instead of directory, I think then you're taking away the supervisor's discretion. Then it's a much clearer picture. I think under the statutory scheme that we do have in front of us that that seems to be the case, that there is discretion not to deny it, but there's discretion when considering to grant it. Well, you agree. If I decide to grab my son's tax bill and pay it, that does not make me liable to the county for future tax payments, right? Yes, sir. And the same is true is if this leaseholder writes a check and sends it directly to the county to pay the taxes on that piece of property, that likewise does not create future liability to the leaseholder, to the county. Hand-in-hand with the contract and the lease agreement, and the wording of that, I think it does, because for the life of the lease, the option contract of the lease agreement here and the amended lease agreement, the amendment to the lease agreement, does have the contractual language that you are going to pay the property taxes. The problem here with the supervisor assessment is that they were paid through first financial. If you had the lease agreement the way it is, and that liability is... Well, in this case, the lease agreement is recorded, right? Yes, it is, Your Honor. And I beat that horse to death. Thank you, Your Honor.  Any rebuttal? Yes, sir. Thank you. I'd like to clarify a couple of, I believe, misstated facts. The tax bill was, in fact, mailed in the name of the Shrakes. It's in the record. Their name was put on the tax bill in this case. The second clarification is on the application for Homestead, which is in the record, it doesn't say pay the treasurer. It says, shall pay out of their own funds. And then if you look at the amended lease agreement, it clearly clarifies that all such funds shall at all times be the property of the lessee, whoever lessee shall hold such funds in escrow on lessee's behalf for payment of the same. Lessee or lessor. I'm sorry. The lessor shall hold such funds in escrow on lessee's behalf for payment of the same. Then it goes on to say the lessee may deduct the real estate taxes paid on their income tax. They're transferring the benefit of paying the taxes to the lessee if that benefit is something that they can use on their taxes. The statute was referenced, 35 LCS 200-21-440, which controls an action by the county for the collection of taxes, and he correctly stated that if the property was assessed to a person, that shall be prima facie evidence the person was the owner thereof and was liable for the taxes for the year or years which the assessment was made. So there's prima facie evidence when the tax bill is in their name that they could be sued jointly and separately with the owner, potentially for that year they're paying names on the tax bill. So if that doesn't create a liability for taxes, I don't know what does, in addition to the contract. Well, generally what the county does is just puts the lien on the property. Right. If they don't pay it, it sells it. They figure it out. Right. And, again, if these were just straight lessees, they wouldn't really care about whether the lien was put on the property, but I think they would be breaking their lease and the landlord would have action against them for any monies that they're owed. Otherwise, but in fact. I was just talking about the action between the county. Right. But in this case, I mean, the straights have one level above that with this option contract, which they have a five-year lease and a five-year option. This isn't a year-to-year lease. So they have incentive to make sure the taxes are paid. And if they weren't paid, they would have to sue for financial that say why am I defending a tax action and you're not paying taxes on the property that I want to buy. And, again, what would be the intent of the legislature? Well, we have single-family homes. They would rather see single families live in those homes than have them turn into apartments or duplexes or whatever because it keeps the value of the neighborhood to keep single-family homes as single-family homes. And if it makes the house more affordable for families that it can't buy, that's also the intent of the legislature. That's why they give exemptions to people to help make housing more affordable. So I think for all those reasons, the court should find in favor of the plaintiffs that they are liable for the taxes and that they should have been awarded this tax exemption. All right. Thank you both for your answers today. Mr. Gavala, some cases are tougher than others. It's not me to be hard on you. So you did a fine job. We'll take this matter under advisement. Written disposition will be issued. And right now we'll be in recess until 9 o'clock in the morning.